CLERK'S OFFICE U.S. DIST. COURT
AT CHARLOTTESVILLE, VA
FILED

DEC 12 2008

JOHN F. CORCORAN, CLERK
BY: /s/ DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
CHARLOTTESVILLE DIVISION

| | | |
|---|---|---|
| STEPHEN D. ANDRUSIA, | ) | CASE NO. 3:08CV00037 |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | MEMORANDUM OPINION |
| | ) | |
| PRUDENTIAL INSURANCE COMPANY | ) | |
| OF AMERICA, | ) | |
| | ) | |
| Defendant. | ) | By: B. WAUGH CRIGLER |
| | ) | U.S. MAGISTRATE JUDGE |

Before the court, under authority of 28 U.S.C. § 636(b)(1)(A), is plaintiff's November 19, 2008 Objection To The Administrative Record, Motion to Supplement The Record And Hold Discovery ("Objection and Motion") and the December 5, 2008 Opposition filed by Prudential Insurance Company of America ("Prudential"). For the following reasons, an Order will enter DENYING plaintiff's Objection and Motion.

**BACKGROUND**

From December 11, 2000 through August 7, 2006, plaintiff was an employee of Beazer Homes USA, Inc. ("Beazer") as a Sales Counselor. (Redacted Complaint, p. 4.) Prudential provided long-term disability benefits to eligible Beazer employees. (*Id.* at Exhibit 1.) Plaintiff asserts his medical condition has precluded him from performing any employment since August 7, 2006. (*Id.* at p. 5.) He filed an application for long-term disability benefits under the plan and received those benefits for the period covering November 5, 2006 through February 28, 2007. (*Id.*) On February 16, 2007, plaintiff was notified that a decision had been made to cease his benefits, and he exhausted his administrative remedies under the plan. (*Id.* at pp. 5-6.)

On August 8, 2008, plaintiff filed this action against Prudential under the Employee

Retirement Income Security Act ("ERISA"), 29 U.S.C. §§ 1001-1461. (Dkt. No. 1.) Plaintiff claims, in COUNT I, that Prudential abused its discretion when it terminated his benefits, and, in COUNT II, that Prudential violated its fiduciary duties to plaintiff when it did so.

Defendant filed an Answer and Counterclaim on October 1, 2008. (Dkt. No. 11.) In the Counterclaim, Prudential asserted entitlement to reimbursement of an overpayment of benefits on the basis of plaintiff's subsequent receipt of Social Security benefits,[1] and on the grounds of breach of contract and/or restitution. (Answer and Counterclaim, pp. 10-11.) The Administrative Record ("AR") was filed with the court on October 31, 2008. (Dkt. No. 20.)

On November 19, 2008, plaintiff filed the instant Objection and Motion. (Dkt. No. 22.), contending that the AR was incomplete and seeking supplementation with the following information:

> 1) Clear information identifying the administrator/fiduciary/trustee and insurer of the long-term disability plan provided to the Plaintiff by The Prudential Insurance Company of America and descriptive financial information.
>
> 2) Information describing the decision-making process used by Defendant to determine eligibility of benefits to plaintiff.
>
> 3) Information describing the contractual relationship between Allsup Inc., a potential agent of Defendant, who was mentioned in the administrative record as potentially scheduled to call Plaintiff to assist in securing Social Security Disability benefits and further information about the decision-making regarding this and Plaintiff's application for Social Security Disability benefits.

(Pl's Objection and Motion, pp. 1-2.) Plaintiff submits that this information is critical to judicial review for it may have contributed, directly or indirectly, to the administrator's decision to deny the claim. (*Id.* at p. 2) Plaintiff seeks entry of an Order directing Prudential to supplement the

---

[1] On June 23, 2008, plaintiff was awarded Social Security disability benefits. (Redacted Complaint, p. 5.)

2

AR to include the requested information and submit to discovery on the matters addressed in the requested information. (*Id.* at p. 2.)

On December 5, 2008, Prudential filed its Opposition on several grounds. (Dkt. No. 24.) Prudential offers that plaintiff's Objection and Motion does not challenge objectionable material, but rather represents an effort to supplement the AR with information obtained through court-ordered discovery. (Opposition, p. 1.) Defendant believes that *Lester v. Framatome ANP*, 2008 WL 204478 (W.D. Va. Jan. 24, 2008), a case decided by the same presiding District Judge who presides in this case, precludes discovery on judicial review of disability denials under ERISA qualified plans. (*Id.* at p. 2.) Prudential points out that: (1) the Administrator was clothed with discretion in making eligibility and benefits determinations; (2) any alleged conflict of interest is not the proper subject of discovery; (3) plaintiff is not entitled to discovery concerning the decision-making process; and (4) any contractual relationship between Allsup, Inc. and Prudential is not relevant to the validity of Prudential's decision regarding plaintiff's benefits. (*Id.* at pp. 4-8.)

**FINDINGS AND CONCLUSION**

The Group Contract long-term disability coverage issued by Prudential to Beazer provides that Prudential, "as Claims Administrator has the sole discretion to interpret the terms of the Group Contract, to make factual findings, and to determine eligibility for benefits. The decision of the Claims Administrator shall not be overturned unless arbitrary and capricious." (Redacted Complaint, Exhibit 1, p. 29.) Though the plan contains "arbitrary and capricious" terminology, it is clear in this circuit that courts are to review of action taken under such a plan under the standard of "abuse of discretion" *See Booth v. Wal-Mart Stores, Inc.*, 201 F.3d 335,

342-343 (4th Cir. 2000). In other words, the decision will be upheld if it was reasonable. *Id.* at 342 (citing *Firestone Tire and Rubber Co. v. Bruch*, 489 U.S. 101, 111 (1989)).

In that connection, "'an assessment of the reasonableness of the administrator's decision must be based on the facts known to it at the time.'" *Lester*, 2008 WL 204478, at *5 (quoting *Elliott v. Sara Lee Corp.*, 190 F.3d 601, 608-609 (4th Cir. 1999) (citations omitted)). In the event the court determines the administrator lacked sufficient evidence upon which to base a decision, the appropriate course of action would **not** be to develop and consider additional evidence on judicial review, but to remand the case for further proceedings. *Elliott*, 190 F.3d at 609.

Thus, it should not be surprising that discovery generally is not available in the Fourth Circuit in ERISA cases where the court reviews the administrative decision for abuse of discretion. *Stanley v. Metropolitan Life Ins. Co.*, 312 F.Supp.2d 786, 789 (E.D. Va. Jan. 29, 2004) (citing *Shepard & Enoch Pratt Hosp., Inc. v. Travelers Ins. Co.*, 32 F.3d 120, 125 (4th Cir. 1994)). Even where a plaintiff alleges conflict of interest, and the standard of review is modified to more or less one of substantial evidence, the court's review is limited to the record, thus generally foreclosing discovery on judicial review. *Id.* at 790-791.

Here, the plaintiff does not allege conflict of interest in his Complaint. COUNT I sets forth a claim for abuse of discretion, and COUNT II generally asserts that Prudential breached its fiduciary duties to the plaintiff based upon the alleged circumstances surrounding the denial of the claim for benefits. The undersigned declines to read into these claims a more specific one for conflict of interest, for no facts are set forth in the Complaint to support such a specific claim. Furthermore, plaintiff is not seeking to amend the Complaint. At bottom, the plaintiff's Objection and Motion essentially seeks court-supervised discovery in order to supplement the

4

evidence upon which Prudential acted at the time the decision was made. The undersigned does not believe the decisional authorities in this circuit make discovery available in the context of this case.

This not to say, however, that plaintiff is foreclosed from demonstrating Prudential lacked sufficient evidence upon which to make its determination in this case. Should that be the case, additional evidence would be necessary, though development of it would lie before the plan administrator, not the court. Therefore, the plaintiff's Objection and Motion will be denied without prejudice to the plaintiff's seeking remand for further evidentiary proceedings should the circumstances warrant same.

An Order will enter accordingly.

The Clerk of the Court is hereby directed to transmit a copy of this Memorandum Opinion to all counsel of record.

ENTERED: _____
U.S. Magistrate Judge

Dec 12, 2008
Date

5