CLERK'S OFFICE U.S. DIST. COURT
AT CHARLOTTESVILLE, VA
FILED

JAN 07 2009

JOHN F. CORCORAN, CLERK
BY: /s/
    DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
CHARLOTTESVILLE DIVISION

| | |
|---|---|
| STEPHEN D. ANDRUSIA,<br><br>                          *Plaintiff,*<br><br>v.<br><br>PRUDENTIAL INSURANCE COMPANY<br>OF AMERICA,<br><br>                          *Defendant.* | CIVIL NO. 3:08cv00037<br><br><br>MEMORANDUM OPINION<br><br><br>JUDGE NORMAN K. MOON |

  This matter is before the Court on Plaintiff's Objections to the Administrative Record and Motion for Discovery (docket no. 22). That motion was referred to the Honorable B. Waugh Crigler, U.S. Magistrate Judge, pursuant to the pretrial order entered in this case. By order dated November 20, 2008, Judge Crigler denied the Plaintiff's motion (docket no. 23). The Plaintiff timely filed objections to the order (docket no. 27), and the Defendant filed its response to the objections (docket no. 28). This matter is therefore ripe for decision.

## I. BACKGROUND

  This action arises under the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1001, *et seq*. The Plaintiff alleges that he is covered by a Group Long Term Disability benefits plan administered by the Defendant, and that the Defendant has wrongfully withheld disability benefits from him. The Plaintiff exhausted his administrative remedies and filed the instant action to recover the benefits allegedly due to him. On November 5, 2008, the Court entered an Order adopting the parties' report of their discovery planning meeting pursuant to Fed. R. Civ. P. 26(f). The parties stipulated in their report that they would not exchange initial

disclosures under Rule 26(a), because actions under ERISA are generally governed by the administrative record. However, the parties reserved the right to request a discovery if appropriate. Further, the Defendant agreed to file the administrative record on or before October 31, 2008, after which the Plaintiff had 20 days to object to the record.

The Defendant timely filed the administrative record, and the Plaintiff timely filed his objections to it on the grounds that it is incomplete. The Plaintiff also requested discovery in order to complete the record. Specifically, the Plaintiff argues that the record should contain the following information currently absent: (1) clear information identifying the administrator, fiduciary, trustee and insurer of the long-term disability plan at issue, and financial information about that person or entity; (2) information regarding the Defendant's decision-making process used to determine the Plaintiff's eligibility for benefits; and (3) a description of the contractual relationship between Allsup Inc., which is mentioned in the record as a possible agent of the Defendant. (Pl's Objection and Motion 1-2.) The Magistrate Judge denied the Plaintiff's motion, and the Plaintiff now objects to that ruling.

## II. STANDARD OF REVIEW

A district judge may modify or set aside any portion of a magistrate judge's non-dispositive ruling "that is clearly erroneous or contrary to law." Fed.R.Civ.P. 72(a). Courts have consistently found discovery motions to be non-dispositive within the meaning of Fed.R.Civ.P. 72(a). *FEC v. Christian Coalition*, 178 F.R.D. 456, 460 (E.D.Va.1998). A district court owes substantial deference to a magistrate judge in considering a magistrate judge's ruling on a non-dispositive motion. *See id*; *Neighborhood Development Collaborative v. Murphy*, 233 F.R.D. 436, 438 (D.Md. 2005). Under the clearly erroneous standard, the magistrate judge's findings of fact should be affirmed unless the Court's review of the entire record creates "the definite and

firm conviction that a mistake has been committed." *Harman v. Levin*, 772 F.2d 1150, 1153 (4th Cir.1985) (*citing United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395, 68 S.Ct. 525, 542, 92 L.Ed. 746 (1948)).

### III. DISCUSSION

The Plaintiff argues that the requested information is necessary to reveal a potential conflict of interest of the Defendant in determining the Plaintiff's eligibility for benefits, and to allow the Court to determine whether the Defendant's ultimate decision to deny the Plaintiff benefits was well reasoned and principled. Having reviewed the arguments of the parties, the record in this case, and the decision of the Magistrate Judge, I have determined that the Magistrate Judge's decision is neither clearly erroneous nor contrary to law.

The Magistrate Judge correctly denied Plaintiff's motion, because discovery is not generally available in ERISA actions where the Court reviews the administrator's decision for abuse of discretion. *Stanley v. Metro. Life Ins. Co.*, 312 F.Supp.2d 786, 789 (E.D. Va. 2004) (*citing Sheppard & Enoch Pratt Hosp., Inc. v. Travelers Ins. Co.*, 32 F.3d 120, 125 (4th Cir. 1994)). Furthermore, allegations of a conflict of interest do not justify discovery. *See Stanley*, 312 F.Supp.2d at 790-91 ("Although an asserted conflict of interest does not justify discovery, such a conflict does mandate a heightened abuse of discretion standard. . . . However, even when applying the modified abuse of discretion standard, the court's review remains limited to the administrative record."). The Plaintiff has not shown that discovery is appropriate in this case, and his motion was properly denied. Therefore, Plaintiff's objections to the Magistrate Judge's order will be overruled.

The Clerk of the Court is hereby directed to send a certified copy of this Memorandum Opinion and accompanying Order to all counsel of record.

ENTERED: This 7th Day of January, 2009.

NORMAN K. MOON
UNITED STATES DISTRICT JUDGE